IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY )<br>    *Plaintiff,* )<br>)<br>VS. )<br>)<br>ASUSTEK COMPUTER INC., )<br>ASUS COMPUTER INTERNATIONAL INC., )<br>INNOLUX CORP., and )<br>INNOLUX USA, INC., )<br>    *Defendants.* )<br>) | Civil Action No. _____ |

### COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Trustees of Boston University, by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against ASUSTeK Computer Inc., ASUS Computer International, Inc. (collectively "ASUS Defendants"), Innolux Corp., formerly known as Chimei Corp. and Innolux USA, Inc., formerly known as Chimei USA, Inc. (collectively "Innolux Defendants"), and alleges as follows:

### PARTIES

1. Plaintiff Trustees of Boston University ("BU" or the "University") is a non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

2. The University is one of the largest private universities in the United States, and one of the largest employers in Boston, with more than 10,000 faculty and staff and over 33,000 students. It conducts a diverse range of interdisciplinary, collaborative and innovative research projects across a broad spectrum of academic departments, programs, centers and institutes, including research in the field of electrical and computer engineering. BU faculty members have

1

won five Nobel Prizes and BU has been awarded hundreds of United States Patents, including U.S. Patent No. 5,686,738 (the "'738 patent").

3. Upon information and belief, Defendant ASUSTeK Computer Inc. is a corporation organized under the laws of Taiwan and its principal place of business is 15, Li-Te Road, Beitou District, Taipei, Taiwan.

4. Upon information and belief, Defendant ASUS Computer International Inc. is a corporation organized under the laws of California and its principal place of business is 800 Corporate Way, Fremont, CA 94539. Defendant's registered agent for service of process in the state of California is CT Corporation System, 818 W Seventh Street, Los Angeles, California 90017.

5. Upon information and belief, Defendant Innolux Corp. is organized under the laws of Taiwan and its principal place of business is 160 Kesyue Road, Jhunan Science Park, Miadi County, 35053 Taiwan.

6. Upon information and belief, Defendant Innolux USA, Inc. is a corporation organized under the laws of California and its principal place of business is 101 Metro Drive, Suite 510, San Jose, California 95110. Defendant's registered agent for service of process in the state of California is Robert Shei, 105 S. Puente Street, Brea, California 92821.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

8. Defendants regularly and deliberately engaged in and continue to engage in activities that result in using, selling, offering for sale, and/or importing infringing products and

products made by infringing processes in and/or into the Commonwealth of Massachusetts and this judicial district. These activities violate the University's United States patent rights under the '738 patent pled herein. This Court has personal jurisdiction over the Defendants because, among other things, Defendants conduct business in the Commonwealth of Massachusetts and in this judicial district and thus enjoy the privileges and protections of Massachusetts law.

9.  Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,686,738

10.  The '738 patent, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," issued on November 11, 1997.

11.  Theodore D. Moustakas, Ph.D., Professor of Electrical and Computer Engineering at BU, is the named inventor of the '738 patent. The University owns by assignment the entire right, title, and interest in and to the '738 patent, including the sole right to sue for past and present patent infringements thereof.

12.  Several of the ASUS Defendants' products, including the ASUS MEMO Pad Smart, model number ME301T, serial number D1OKCT032106, comprising Innolux display bearing numbers REA15022BT200EQ and M$44-D084130-L$T5A212N012BQF312C, and the ASUS X502 Notebook PC, model number X502CA-BI30801C, serial number D5N0CV82266422D, include a gallium nitride thin film semiconductor device claimed by the '738 patent and thus infringe one or more claims of the '738 patent. The University is informed and believes, and further alleges, that additional products of Defendants also constitute and/or include the claimed gallium nitride thin film semiconductor device and also infringe one or more claims of the '738 patent, including light emitting diodes ("LEDs") and products bearing LEDs (products covered by this paragraph are collectively referred to as "Accused Products").

3

13. The University is informed and believes, and thereon alleges, that the Innolux Defendants have sold and offered to sell and are selling and offering to sell components for use in the Accused Devices (e.g., Innolux display REA15022BT200EQ in ASUS MEMO Pad Smart), and those components are material to practicing the '738 patent's invention, have no substantial non-infringing uses, and are known by the Defendants, including the Innolux Defendants, to be especially made or especially adapted for use in what constitutes infringement of the '738 patent. The Innolux Defendants, at least as early as the filing of this complaint, have actual knowledge of the '738 patent and Plaintiff's claims that their LED displays and LED-bearing components are covered by the '738 patent. The Innolux Defendants are contributing to the acts of using, offering to sell, and/or selling in the United States and/or importing into the United States the infringing Accused Devices by the ASUS Defendants and others by intentionally supplying such material components to the ASUS Defendants and others with such knowledge of the '738 patent.

14. The University is informed and believes, and thereon alleges, that the Innolux Defendants have induced and are inducing the infringement of the '738 patent by others with the knowledge that the induced acts constitute patent infringement. The Innolux Defendants, at least as early as the filing of this complaint, have actual knowledge of the '738 patent and Plaintiff's claims that the Innolux Defendants' LEDs and LED-bearing components are covered by the '738 patent. The Innolux Defendants have induced infringement by the ASUS Defendants and others by intentionally inducing their acts of using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Devices with such knowledge of the '738 patent.

15. The University is informed and believes, and thereon alleges, that any applicable requirements of 35 U.S.C. § 287 have been satisfied.

16. The University is informed and believes, and thereon alleges, that Defendants have infringed, and continue to infringe, one or more claims of the '738 patent, in violation of 35 U.S.C. § 271, by, among other things, making using, offering to sell, selling and/or importing in and/or into the United States, without authority or license from the University, the Accused Products falling within the scope of one or more claims of the '738 patent.

17. Defendants' acts of infringement have caused and will continue to cause substantial and irreparable damage to the University.

18. As a result of the infringement of the '738 patent by Defendants, the University has been damaged. The University is, therefore, entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

19. TAKE NOTICE that the University reserves the right to further allege indirect infringement, contributory infringement, inducing infringement, and/or willful infringement, and amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## PRAYER FOR RELIEF

WHEREFORE, the University prays for entry of judgment against each Defendant as follows:

A. That Defendants infringed the '738 patent under 35 U.S.C. § 271;

B. That Defendants provide to the University an accounting of all gains, profits and advantages derived by each Defendants' infringement of the '738 patent, and that the University be awarded damages adequate to compensate them for the wrongful infringement by each Defendant, in accordance with 35 U.S.C. § 284;

C.	That the University be awarded any other supplemental damages and interest on all damages, including, but not limited to attorney fees available under 35 U.S.C. § 285;

D.	That the Court permanently enjoin Defendants and all those in privity with them from making, having made, selling, offering for sale, distributing and/or using products that infringe the '738 patent, including the Accused Products, in the United States; and

E.	That the University be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the University hereby demands a trial by jury on all issues triable to a jury.

Dated: September 20, 2013

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY

By its attorneys,

/s/ *Erik Paul Belt*
Erik Paul Belt (BBO # 558620)
EBelt@mccarter.com
Kelly A. Gabos (BBO #666219)
kgabos@mccarter.com
McCarter & English
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6506
Facsimile: (617) 607-6035

*Of Counsel*

Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso Garcia Chan (Texas 24012408)
achan@shorechan.com
Christopher L. Evans (Texas 24058901)
cevans@shorechan.com
Andrew M. Howard (Texas 24059973)
ahoward@shorechan.com
Russell J. DePalma (Texas 00795318)
rdepalma@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111