IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br>Plaintiff, | § | |
| | § | Civil Action No. 1:13-cv-12327 |
| v. | § | |
| ASUSTEK COMPUTER INC.,<br>ASUS COMPUTER INTERNATIONAL INC.,<br>INNOLUX CORP., and<br>INNOLUX USA, INC.,<br>Defendants. | § | Jury Trial Demanded |

**ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S JURY DEMAND AND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants ASUSTeK Computer Inc. and ASUS Computer International (erroneously sued as ASUS Computer International Inc.) (collectively, "ASUS") hereby file their Jury Demand and Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement and Jury Demand ("Complaint") as follows:

**Preliminary Statement**

ASUS files this pleading in good faith to respond to the Complaint to the best of its ability. Discovery has not begun in this matter, and ASUS has not had an opportunity to adequately investigate the allegations brought by Trustees of Boston University ("TBU" or "Plaintiff"). Thus, ASUS reserves the right to amend or supplement this Answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit. ASUS in no way waives any defense or argument asserted pursuant to, among others, Rule 11, any other defense asserted herein, or any other argument or defense it may have at law or in equity. In light of the foregoing statement, ASUS asserts its Answer and Affirmative Defenses to the Complaint as follows:

## ANSWER

ASUS denies generally all claims not specifically admitted herein in accordance with Federal Rule of Civil Procedure 8(b). In light of the foregoing, ASUS answers the Complaint as follows:

## PARTIES

1. ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 and, on that basis, denies the same.

2. ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 and, on that basis, denies the same.

3. Admitted.

4. Admitted.

5. ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 and, on that basis, denies the same.

6. ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 and, on that basis, denies the same.

## JURISDICTION AND VENUE

7. ASUS admits that this is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. ASUS also admits that, for the proposed action only, this Court has subject matter jurisdiction over the matters pled therein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

8. ASUS denies all allegations set forth in paragraph 8 to the extent they pertain to ASUS, including, but not limited to, any allegation that ASUS has in any way committed any act of patent infringement either directly or indirectly. ASUS does not contest that this Court has personal jurisdiction over ASUS but does not admit that jurisdiction is necessarily proper. To the extent the

allegations set forth in paragraph 8 are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 and, on that basis, denies the same.

9. ASUS does not contest that venue is permissible under 28 U.S.C. §§ 1391(b)(c) and (d) and 1400(b), but does not admit that venue is necessarily proper or convenient. To the extent the allegations set forth in paragraph 9 are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 and, on that basis, denies the same.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,686,738**

10. ASUS admits that the cover page of U.S. Patent No. 5,686,738 ("the '738 patent") indicates that the patent is entitled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," and has an issue date of November 11, 1997. ASUS denies the remaining allegations of paragraph 10.

11. ASUS admits that the cover page of U.S. Patent No. 5,686,738 ("the '738 patent") names Theodore D. Moustakas as inventor of the '738 patent. ASUS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and, on that basis, denies the same.

12. ASUS denies all allegations set forth in paragraph 12 to the extent they pertain to ASUS. To the extent the allegations set forth in paragraph 12 are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 and, on that basis, denies the same.

13. ASUS denies all allegations set forth in paragraph 13 to the extent they pertain to ASUS. To the extent the allegations set forth in paragraph 13 are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in paragraph 13 and, on that basis, denies the same.

14. ASUS denies all allegations set forth in paragraph 14 to the extent they pertain to ASUS. To the extent the allegations set forth in paragraph 14 are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 and, on that basis, denies the same.

15. ASUS denies all allegations set forth in paragraph 15.

16. ASUS denies all allegations set forth in paragraph 16 to the extent directed to ASUS. To the extent the allegations are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 and, on that basis, denies the same.

17. ASUS denies all allegations set forth in paragraph 17 to the extent directed to ASUS. To the extent the allegations are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 and, on that basis, denies the same.

18. ASUS denies all allegations set forth in paragraph 18 to the extent directed to ASUS. To the extent the allegations are directed to a defendant other than ASUS, ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 and, on that basis, denies the same.

19. ASUS is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 and, on that basis, denies the same.

## PRAYER FOR RELIEF

ASUS denies that TBU is entitled to any relief requested in sections A. through E. of the Prayer for Relief or that TBU is entitled to any relief in any form from ASUS.

## DEMAND FOR JURY TRIAL

This paragraph does not require a response, but ASUS also requests a jury trial on all issues presented in the Complaint that are triable to a jury. To the extent this paragraph makes any allegations and/or averments directed to ASUS, ASUS denies such allegations.

## AFFIRMATIVE DEFENSES

ASUS denies any and all allegations in the Complaint that were not expressly admitted herein. ASUS answers further and would show the Court that Plaintiff's claims are barred by the following affirmative defenses. ASUS reserves the right to supplement or amend this Answer to include additional defenses that are discovered during the course of this lawsuit.

### FIRST DEFENSE

### Express License and/or Covenant Not to Sue

1. Plaintiff's claims are barred in whole or in part by virtue of any and all previous agreements entered into that involve a license to all or part of the '738 patent. Specifically, upon information and belief, Plaintiff's claims relating to all of the Accused Devices are barred because Plaintiff has granted to Nichia Corporation ("Nichia") a license for the '738 patent, and all of the Accused Devices use LEDs manufactured and provided by Nichia.

### SECOND DEFENSE

### Failure to State a Claim

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

### Non-Infringement

3. ASUS has not directly, indirectly, willfully, or otherwise infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '738 patent, either literally or under the doctrine of equivalents.

FOURTH DEFENSE

Invalidity

4. The claims of the '738 patent are invalid for failure to comply with the requirements for patentability under the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

FIFTH DEFENSE

Laches, Waiver, and/or Estoppel

5. Plaintiff's claims against ASUS are barred by the doctrines of laches, waiver, and/or equitable estoppel.

SIXTH DEFENSE

Prosecution History Estoppel

6. Prosecution history estoppel bars Plaintiff in whole or in part from contending that any claim of the '738 patent covers ASUS's products or processes.

SEVENTH DEFENSE

Lack of Notice

7. To the extent that Plaintiff failed to properly notify ASUS of the actions alleged to infringe the '738 patent, including, but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, ASUS is not liable to Plaintiff for those allegedly infringing actions performed before receipt of actual notice of allegations that it was infringing the '738 patent.

EIGHTH DEFENSE

Limitation on Damages

8. Pursuant to 28 U.S.C. § 1498, at least a portion of the damages Plaintiff seeks to recover from ASUS for alleged infringement cannot be awarded in this Court.

NINTH DEFENSE

Patent Exhaustion / Implied License

9. Plaintiff's claims are barred in whole or in part based on the doctrine of patent exhaustion and/or implied license. Specifically, upon information and belief, Plaintiff's claims relating to all of the Accused Devices are barred because Plaintiff has granted to Nichia Corporation ("Nichia") a license for the '738 patent, and all of the Accused Devices use LEDs manufactured and provided by Nichia.

TENTH DEFENSE

Unclean Hands

10. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

ELEVENTH DEFENSE

Res Judicata, Claim Preclusion, and/or Issue Preclusion

11. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata, claim preclusion, and/or issue preclusion.

TWELFTH DEFENSE

Failure to Mitigate Damages

12. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

THIRTEENTH DEFENSE

Statute of Limitations

13. Pursuant to 35 U.S.C. §§ 286 and/or 287, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

FOURTEENTH DEFENSE

No Injunctive Relief

14. Plaintiff is not entitled to any injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, Plaintiff has an adequate remedy at law, and/or public policy

concerns weigh against any injunctive relief.

FIFTEENTH DEFENSE

Lack of Standing

15. Plaintiff's claims are barred in whole or in part for lack of standing.

SIXTEENTH DEFENSE

Non-Infringing Uses

16. ASUS's allegedly infringing products and/or services have substantial non-infringing uses and, therefore, do not contribute to the infringement of the asserted claims of the '738 patent.

SEVENTEENTH DEFENSE

Lack of Joint Infringement

17. To the extent that Plaintiff's alleged infringement would require the action of parties other than ASUS, Plaintiff is barred from recovery, in whole or in part, because Plaintiff is unable to establish the direction or control necessary for a finding of joint infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants ASUSTeK Computer Inc. and ASUS Computer International (erroneously sued as ASUS Computer International Inc.) respectfully request that this Court enter judgment in their favor and grant the following relief:

a. Dismiss with prejudice TBU's Complaint against ASUSTeK Computer Inc. and ASUS Computer International (erroneously sued as ASUS Computer International Inc.);

b. Declare that ASUSTeK Computer Inc. and ASUS Computer International (erroneously sued as ASUS Computer International Inc.) do not infringe and have not infringed any claim of the '738 patent;

c. Declare that the '738 patent is invalid;

d. Declare that this matter presents an exceptional case and award ASUSTeK Computer Inc. and ASUS Computer International (erroneously sued as ASUS Computer International Inc.) their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

e. Award to ASUSTeK Computer Inc. and ASUS Computer International (erroneously sued as ASUS Computer International Inc.) their costs and disbursements associated with this action;

f. Award any additional relief as the Court may deem appropriate and just under the circumstances; and

g. Declare that TBU is not entitled to any relief in this action.

January 6, 2014

Respectfully submitted,

/s/ Mark D. Smith

Mark D. Smith, BBO No. 542676
E-Mail: smith@laredosmith.com
Marc C. Laredo, BBO No. 543973
E-Mail: laredo@laredosmith.com
LAREDO & SMITH, LLP
101 Federal Street, Suite 650
Boston, MA 02110
Telephone: (617) 443-1100
Facsimile: (617) 443-1174

Karen I. Boyd (*pro hac vice* to be filed)
TURNER BOYD LLP
2570 West El Camino Real, Suite 380
Mountain View, CA 94040
Telephone: (650) 521-5930
Facsimile: (650) 521-5931
E-mail: boyd@turnerboyd.com

D. James Pak (Lead Counsel) (*pro hac vice* to be filed)
E-Mail: d.james.pak@bakermckenzie.com
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: (415) 592-3209
Facsimile: (415) 576-3099

Mackenzie M. DeWerff (*pro hac vice* to be filed)
E-Mail: mackenzie.dewerff@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

ATTORNEYS FOR DEFENDANTS,
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to those participants identified on the Notice of Electronic Filing as registered with ECF, and sent by first-class mail to those participants identified as non-registered.

/s/ Mark D. Smith
Mark D. Smith

Dated: January 6, 2014