IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, Plaintiff, | § | |
| | § | Civil Action No. 1:13-cv-12327 |
| v. | § | |
| ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL INC., INNOLUX CORP., and INNOLUX USA, INC., Defendants. | § | Jury Trial Demanded |

**INNOLUX CORP. AND INNOLUX USA, INC.'S JURY DEMAND AND ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants INNOLUX CORP. and INNOLUX USA, INC. (collectively, "Innolux") hereby file their Jury Demand and Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint for Patent Infringement and Jury Demand ("Complaint") as follows:

**Preliminary Statement**

Innolux files this pleading in good faith to respond to the Complaint to the best of its ability. Discovery has not begun in this matter, and Innolux has not had an opportunity to adequately investigate the allegations brought by Trustees of Boston University ("TBU" or "Plaintiff"). Thus, Innolux reserves the right to amend or supplement this Answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit. Innolux in no way waives any defense or argument asserted pursuant to, among others, Rule 11, any other defense asserted herein, or any other argument or defense it may have at law or in equity. In light of the foregoing statement, Innolux asserts its Answer, Affirmative Defenses, and Counterclaims to the Complaint as follows:

## ANSWER

Innolux denies generally all claims not specifically admitted herein in accordance with Federal Rule of Civil Procedure 8(b). In light of the foregoing, Innolux answers the Complaint as follows:

## PARTIES

1. Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 and, on that basis, denies the same.

2. Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 and, on that basis, denies the same.

3. Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 and, on that basis, denies the same.

4. Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 and, on that basis, denies the same.

5. Innolux denies the allegations set forth in paragraph 5.

6. Admitted.

## JURISDICTION AND VENUE

7. Innolux admits that this is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. Innolux also admits that, for the proposed action only, this Court has subject matter jurisdiction over the matters pled therein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

8. Innolux denies all allegations set forth in paragraph 8 to the extent they pertain to Innolux, including, but not limited to, any allegation that Innolux has in any way committed any act of patent infringement either directly or indirectly. Innolux does not contest that this Court has

personal jurisdiction over Innolux but does not admit that jurisdiction is necessarily proper. To the extent the allegations set forth in paragraph 8 are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief regarding the truth of the allegations set forth in paragraph 8 and, on that basis, denies the same.

9. Innolux does not contest that venue is permissible under 28 U.S.C. §§ 1391(b)(c) and (d) and 1400(b) but does not admit that venue is necessarily proper or convenient. To the extent the allegations set forth in paragraph 9 are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 and, on that basis, denies the same.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,686,738**

10. Innolux admits that the cover page of U.S. Patent No. 5,686,738 ("the '738 patent") indicates that the patent is entitled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," and has an issue date of November 11, 1997. Innolux denies the remaining allegations of paragraph 10.

11. Innolux admits that the cover page of U.S. Patent No. 5,686,738 ("the '738 patent") names Theodore D. Moustakas as inventor of the '738 patent. Innolux lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and, on that basis, denies the same.

12. Innolux denies all allegations set forth in paragraph 12 to the extent they pertain to Innolux. To the extent the allegations set forth in paragraph 12 are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 and, on that basis, denies the same.

13. Innolux denies all allegations set forth in paragraph 13 to the extent they pertain to Innolux. To the extent the allegations set forth in paragraph 13 are directed to a defendant other

than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 and, on that basis, denies the same.

14. Innolux denies all allegations set forth in paragraph 14 to the extent they pertain to Innolux. To the extent the allegations set forth in paragraph 14 are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 and, on that basis, denies the same.

15. Innolux denies all allegations set forth in paragraph 15.

16. Innolux denies all allegations set forth in paragraph 16 to the extent directed to Innolux. To the extent the allegations are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 and, on that basis, denies the same.

17. Innolux denies all allegations set forth in paragraph 17 to the extent directed to Innolux. To the extent the allegations are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 and, on that basis, denies the same.

18. Innolux denies all allegations set forth in paragraph 18 to the extent directed to Innolux. To the extent the allegations are directed to a defendant other than Innolux, Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 and, on that basis, denies the same.

19. Innolux is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 and, on that basis, denies the same.

## PRAYER FOR RELIEF

Innolux denies that TBU is entitled to any relief requested in sections A. through E. of the Prayer for Relief or that TBU is entitled to any relief in any form from Innolux.

## DEMAND FOR JURY TRIAL

This paragraph does not require a response, but Innolux also requests a jury trial for all issues related to the Complaint that are triable to a jury. To the extent this paragraph makes any allegations and/or averments directed to Innolux, Innolux denies such allegations.

## AFFIRMATIVE DEFENSES

Innolux denies any and all allegations in the Complaint that were not expressly admitted herein. Innolux answers further and would show the Court that Plaintiff's claims are barred by the following affirmative defenses. Innolux reserves the right to supplement or amend this Answer to include additional defenses that are discovered during the course of this lawsuit.

### FIRST DEFENSE

### Express License and/or Covenant Not to Sue

1. Plaintiff's claims are barred in whole or in part by virtue of any and all previous agreements entered into that involve a license to all or part of the '738 patent. Specifically, upon information and belief, Plaintiff's claims relating to all of the Accused Devices are barred because Plaintiff has granted to Nichia Corporation ("Nichia") a license for the '738 patent, and all of the Accused Devices use LEDs manufactured and provided by Nichia.

### SECOND DEFENSE

### Failure to State a Claim

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

### Non-Infringement

3. Innolux has not directly, indirectly, willfully, or otherwise infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '738 patent, either literally or under the doctrine of equivalents.

FOURTH DEFENSE

Invalidity

4. The claims of the '738 patent are invalid for failure to comply with the requirements for patentability under the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

FIFTH DEFENSE

Laches, Waiver, and/or Estoppel

5. Plaintiff's claims against Innolux are barred by the doctrines of laches, waiver, and/or equitable estoppel.

SIXTH DEFENSE

Prosecution History Estoppel

6. Prosecution history estoppel bars Plaintiff in whole or in part from contending that any claim of the '738 patent covers Innolux's products or processes.

SEVENTH DEFENSE

Lack of Notice

7. To the extent that Plaintiff failed to properly notify Innolux of the actions alleged to infringe the '738 patent, including, but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, Innolux is not liable to Plaintiff for those allegedly infringing actions performed before receipt of actual notice of allegations that it was infringing the '738 patent.

EIGHTH DEFENSE

Limitation on Damages

8. Pursuant to 28 U.S.C. § 1498, at least a portion of the damages Plaintiff seeks to recover from Innolux for alleged infringement cannot be awarded in this Court.

NINTH DEFENSE

Patent Exhaustion / Implied License

9. Plaintiff's claims are barred in whole or in part based on the doctrine of patent exhaustion and/or implied license. Specifically, upon information and belief, Plaintiff's claims relating to all of the Accused Devices are barred because Plaintiff has granted to Nichia Corporation ("Nichia") a license for the '738 patent, and all of the Accused Devices use LEDs manufactured and provided by Nichia.

TENTH DEFENSE

Unclean Hands

10. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

ELEVENTH DEFENSE

Res Judicata, Claim Preclusion, and/or Issue Preclusion

11. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata, claim preclusion, and/or issue preclusion.

TWELFTH DEFENSE

Failure to Mitigate Damages

12. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

THIRTEENTH DEFENSE

Statute of Limitations

13. Pursuant to 35 U.S.C. §§ 286 and/or 287, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

FOURTEENTH DEFENSE

No Injunctive Relief

14. Plaintiff is not entitled to any injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, Plaintiff has an adequate remedy at law, and/or public policy

concerns weigh against any injunctive relief.

FIFTEENTH DEFENSE

Lack of Standing

15. Plaintiff's claims are barred in whole or in part for lack of standing.

SIXTEENTH DEFENSE

Non-Infringing Uses

16. Innolux's allegedly infringing products and/or services have substantial non-infringing uses and, therefore, do not contribute to the infringement of the asserted claims of the '738 patent.

SEVENTEENTH DEFENSE

Lack of Joint Infringement

17. To the extent that Plaintiff's alleged infringement would require the action of parties other than Innolux, Plaintiff is barred from recovery, in whole or in part, because Plaintiff is unable to establish the direction or control necessary for a finding of joint infringement.

**COUNTERCLAIMS**

Subject to and without waiving any of the foregoing defenses, Defendants/Counterclaim-Plaintiffs INNOLUX CORP. and INNOLUX USA, INC. (collectively, "Innolux") assert the following Counterclaims against Plaintiff/Counter-Defendant Trustees of Boston University ("TBU").

Nature of the Action

1. This is an action for a declaration of express license, implied license, and patent exhaustion arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Innolux is entitled to a declaratory judgment that TBU's claims are barred in whole or in part by virtue of any and all previous agreements entered into that involve a license to all or part of the '738 patent.

The Parties

2. Defendant Innolux Corp. is organized under the laws of Taiwan, and its principal place of business is located at 160 Kesyue Road, Jhunan Science Park, Maioli County, 35053 Taiwan.

3. Defendant Innolux USA, Inc. is a corporation organized under the laws of California, and its principal place of business is 101 Metro Drive, Suite 510, San Jose, California 95110.

4. Plaintiff Trustees of Boston University ("TBU") is a non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

5. TBU has alleged that it is the owner of the '738 patent.

Jurisdiction and Venue

6. Subject to Innolux's affirmative defenses and denials, Innolux alleges that this Court has subject-matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7. This Court has personal jurisdiction over TBU because it has voluntarily appeared before this Court for all purposes

8. Subject to Innolux's affirmative defenses and denials, venue is proper as to TBU under 28 U.S.C. §§ 1391(b) and 1400(b).

9. By virtue of the Complaint filed by TBU in this action, an actual justiciable controversy exists between Innolux and TBU concerning the express license, implied license, and patent exhaustion of the '738 patent.

First Counterclaim – Declaratory Judgment of Express License

10. To the extent they are consistent, Innolux re-alleges and incorporates by reference

the statements and allegations set forth in its Answer, Affirmative Defenses, and paragraphs 1-9 of its Counterclaims with the same force and effect as if fully rewritten herein.

11. An actual justiciable controversy exists between Innolux and TBU as to whether the '738 patent is subject to an express license barring TBU's claims against Innolux.

12. A judicial declaration is necessary and appropriate so that Innolux may ascertain its rights with respect to whether TBU's claims with respect to the '738 patent are barred.

13. TBU's claims against Innolux are barred because Plaintiff has granted to Nichia Corporation ("Nichia") an express license for the '738 patent, and all of the Innolux products TBU has accused of infringement in its Complaint, including the Innolux display bearing numbers REA15022BT200EQ and M$44-D084130-L$T5A212N012BQF312C, use the already-licensed Nichia LEDs only. On information and belief, Nichia's license with TBU covers Nichia's customers, including Innolux, and any products containing or using Nichia's licensed LEDs. Any Accused Devices of Innolux that use LEDs manufactured by, provided by, and purchased from Nichia are therefore licensed. Accordingly, the products of Innolux and Innolux's customers containing Nichia's licensed LEDs do not infringe the '738 patent.

14. TBU's Complaint has not identified a single product of Innolux that is not expressly licensed under the '738 patent according to the terms of Nichia's license agreement with TBU. Yet, TBU alleges that Innolux infringes the '738 patent.

15. Innolux has no adequate remedy at law. The actions and assertions made by TBU that Innolux is infringing the '738 patent have caused and will continue to cause irreparable injury to Innolux.

16. This is an exceptional case entitling Innolux to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

Second Counterclaim – Declaratory Judgment of Implied License

17. To the extent they are consistent, Innolux re-alleges and incorporates by reference the statements and allegations set forth in its Answer, Affirmative Defenses, and paragraphs 1-16 of its Counterclaims with the same force and effect as if fully rewritten herein.

18. An actual and justiciable controversy exists between Innolux and TBU as to whether the ’738 patent is subject to an implied license barring TBU’s claims against Innolux.

19. A judicial declaration is necessary and appropriate so that Innolux may ascertain its rights with respect to whether TBU’s claims are barred.

20. TBU’s claims relating to all of the Accused Devices, including the Innolux display bearing numbers REA15022BT200EQ and M$44-D084130-L$T5A212N012BQF312C, are barred because, upon information and belief, Plaintiff has granted to Nichia Corporation (“Nichia”) a license for the ’738 patent, and all of the Accused Devices use LEDs manufactured by, provided by, and purchased from Nichia.

21. TBU’s Complaint has not identified a single product of Innolux that is not expressly or implicitly licensed under the ’738 patent according to the terms of Nichia’s license agreement with TBU. Yet, TBU alleges that Innolux infringes the ’738 patent.

22. Innolux has no adequate remedy at law. The actions and assertions made by TBU that the ’738 patent is valid and infringed by Innolux have caused and will continue to cause irreparable injury to Innolux.

23. This is an exceptional case entitling Innolux to an award of its attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

Third Counterclaim – Declaratory Judgment of Patent Exhaustion

24. To the extent they are consistent, Innolux re-alleges and incorporates by reference the statements and allegations set forth in its Answer, Affirmative Defenses, and paragraphs 1-23 of

its Counterclaims with the same force and effect as if fully rewritten herein.

25. An actual and justiciable controversy exists between Innolux and TBU as to whether the '738 patent is subject to patent exhaustion.

26. A judicial declaration is necessary and appropriate so that Innolux may ascertain its rights with respect to whether TBU's claims are barred.

27. TBU's claims relating to all of the Accused Devices, including the Innolux display bearing numbers REA15022BT200EQ and M$44-D084130-L$T5A212N012BQF312C, are barred because, upon information and belief, Plaintiff has granted to Nichia Corporation ("Nichia") a license for the '738 patent, and all of the Accused Devices use LEDs manufactured by, provided by, and purchased from Nichia.

28. TBU's Complaint has not identified a single product of Innolux against which TBU can maintain a claim for infringement under the '738 patent under the doctrine of patent exhaustion. Yet, TBU alleges that Innolux infringes the '738 patent.

29. Innolux has no adequate remedy at law. The actions and assertions made by TBU that the '738 patent is valid and infringed by Innolux have caused and will continue to cause irreparable injury to Innolux.

30. This is an exceptional case entitling Innolux to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND

Innolux requests a jury trial for all issues related to its Counterclaims that are triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Innolux Corp. and Innolux USA, Inc. respectfully request that this Court enter judgment in their favor and grant the following relief:

a. Dismiss with prejudice TBU's Complaint against Innolux Corp. and Innolux USA, Inc.;

b. Declare that Innolux Corp. and Innolux USA, Inc. do not infringe and have not infringed any claim of the '738 patent;

c. Declare that the '738 patent is invalid;

d. Declare that TBU's claims are barred, in whole or in part, by the doctrines of express license, implied license, and/or patent exhaustion;

e. Declare that this matter presents an exceptional case and award Innolux Corp. and Innolux USA, Inc. their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

f. Award to Innolux Corp. and Innolux USA, Inc. their costs and disbursements associated with this action;

g. Award any additional relief as the Court may deem appropriate and just under the circumstances; and

h. Declare that TBU is not entitled to any relief in this action.

January 6, 2014

Respectfully submitted,

/s/ Mark D. Smith
Mark D. Smith, BBO No. 542676
E-Mail: smith@laredosmith.com
Marc C. Laredo, BBO No. 543973
E-Mail: laredo@laredosmith.com
LAREDO & SMITH, LLP
101 Federal Street, Suite 650
Boston, MA 02110
Telephone: (617) 443-1100
Facsimile: (617) 443-1174

D. James Pak (Lead Counsel) (*pro hac vice* to be filed)
E-Mail: d.james.pak@bakermckenzie.com
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: (415) 592-3209
Facsimile: (415) 576-3099

Kevin O'Brien (*pro hac vice* to be filed)
E-Mail: kevin.obrien@bakermckenzie.com
Yi Fang (*pro hac vice* to be filed)
E-Mail: yi.fang@bakermckenzie.com
BAKER & MCKENZIE LLP
815 Connecticut Avenue, NW
Washington, DC 20006
Telephone: (202) 452-7000
Facsimile: (202) 452-7074

Mackenzie M. DeWerff (*pro hac vice* to be filed)
E-Mail: mackenzie.dewerff@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

ATTORNEYS FOR DEFENDANTS,
INNOLUX CORP. and INNOLUX USA, INC.

CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system, will be sent electronically to those identified as registered participants on the Notice of Electronic Filing, and by first-class mail to those identified as non-registered participants.

/s/ Mark D. Smith
Mark D. Smith

Dated: January 6, 2014